**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.: 6:26-cv-01337-CEM-LHP

K & A ROSARIO HOLDINGS LLC and
MJR FUND I, INC.,

Plaintiffs,

v.

FIRST HORIZON BANK,

Defendant.

_______________________________________/

**DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO STRIKE**

Defendant, First Horizon Bank ("First Horizon" or "Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), hereby respectfully requests that this Court dismiss Count II of the Amended Complaint (the "Amended Complaint") filed by Plaintiffs, K & A Rosario Holdings LLC and MJR Fund I, Inc. ("Plaintiffs") and strike Paragraphs 16-26 from the Amended Complaint. In support, Defendant states as follows:

## PRELIMINARY STATEMENT

Plaintiffs' lawsuit arises from alleged unauthorized transfers from their banking accounts at First Horizon. Despite recent amendments, Plaintiffs' Amended

Complaint pleads a claim for breach of contract that requires dismissal with prejudice because it is still deficient as asserted and preempted as a matter of law. The Amended Complaint attaches the written agreements Plaintiffs had with First Horizon, but those agreements do not impose any duties or obligations on First Horizon to monitor bank accounts or prevent fraudulent wire transfers. As in the original pleading, Plaintiffs' Amended Complaint again offers generic assertions of breaches that the plain text of the agreements does not support. Even setting aside this failure to identify any contractual provision imposing obligations to prevent fraudulent transactions, Plaintiffs' common-law contract claim is independently preempted by Article 4A of the Uniform Commercial Code ("UCC") because it is premised on alleged fraudulent wire transfers. Accordingly, Plaintiffs' claim for breach of contract warrants dismissal on these two independent grounds.[1]

**PLAINTIFFS' AMENDED COMPLAINT**

As alleged in the Amended Complaint, Plaintiffs had business accounts with First Horizon. (ECF No. 36, ¶¶ 7-9.) Plaintiffs allege that an unknown third party gained access to their online bank accounts and withdrew $6,517,700 through wire

---

[1] First Horizon moves to dismiss Count II of the Complaint. Federal courts in Florida have frequently recognized that a partial motion to dismiss extends the time to answer the unchallenged claim until after the court has ruled on the partial motion to dismiss. *See, e.g.*, *Beaulieu v. Bd. of Trs. of Univ. of W. Florida*, No. 3:07cv30/RV/EMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007); *Ferk v. Mitchell*, No. 14-cv-21916, 2014 WL 7369646, at *1 n.1 (S.D. Fla. Dec. 29, 2014); *Taylor v. Pekerol*, No. 5:14-cv-96-RH-GRJ, 2016 WL 7985259, at *1 (N.D. Fla. Mar. 10, 2016) (compiling case law). First Horizon respectfully requests that the time for it to respond to Count I of the Complaint be stayed and extended until after this Court's entry of an order on this Motion.

transfers.[2] (*Id.* at ¶¶ 27, 29-41, 49.) Plaintiffs allege that the third-party imposter contacted First Horizon by phone, posing as one of the authorized signatories for Plaintiffs' business accounts, which triggered a "verification process" to confirm the person's name, email address, and last four digits of a phone number, all of which Plaintiffs state was publicly available information that the imposter was able to provide to the bank. (*Id.* at ¶ 35.) After the "verification process" was completed, Plaintiffs allege that First Horizon sent a one-time passcode via a voice call, thus allowing the imposter to login into Plaintiffs' online accounts. (*Id.* at ¶¶ 36-37.)

The Amended Complaint contains two causes of action. The first is styled as "Reimbursement Pursuant to Fla. Stat. § 670.202." This claim argues that First Horizon allegedly violated Article 4A of the UCC by purportedly failing to have commercially reasonable security procedures and measures in place in accordance with Fla. Stat. § 670.202, and by allegedly authorizing fraudulent transfers and facilitating transfers out of Plaintiffs' accounts in violation of Fla. Stats. § 670.202 and § 670.204. (*Id.* at ¶¶ 78, 80, 85.)

The Amended Complaint's second cause of action is for "Breach of Contract," based purportedly on "binding contracts," attached to the Amended Complaint as Exhibits 1 and 2. (*Id.* at ¶¶ 94-95.) The first agreement is the First Horizon Depositor

[2] The Complaint alleges that First Horizon has successfully recalled and/or reimbursed $1,952,441.19. Compl., ¶ 74.

Agreement dated October 2024, and the second agreement is the Treasury Management Services Master Agreement ("Treasury Management Agreement"). (ECF Nos. 36-1, 36-2.)

Without identifying any specific obligations that First Horizon had under either agreement to investigate fraudulent activity and/or prevent fraudulent transfers, or any related provisions of the agreements that were allegedly breached, Plaintiffs instead posit that First Horizon allegedly breached "the contractual agreements by failing to adequately supervise and/or investigate the unusual and fraudulent account activity in Plaintiffs' accounts," "by executing, authorizing, or otherwise failing to prevent the Fraudulent Transfers," "accepting and acting upon instructions … by a person who was not an authorized signatory on the accounts," "allowing its employee(s) to fraudulently change the account security information on Plaintiffs' accounts and not following its internal procedures" for safeguarding Plaintiffs' funds, "not following customary and reasonable banking security procedures and allowing the Fraudulent Transfers to be fraudulently transferred," and "failing to reimburse Plaintiffs for said Fraudulent Transfers." (ECF No. 36 ¶¶ 98, 101, 103, 105, 106, 107, 108.)

In addition to the foregoing statements being vague and conclusory, the Amended Complaint does not cite a single provision from the Depositor Agreement or the Treasury Management Agreement that establishes these purported contractual duties. Instead, Plaintiffs attempt to plead around this key deficiency with impertinent references to unrelated and irrelevant provisions from the two agreements.

Plaintiffs plead language from the "Security procedure" provision of the Depositor Agreement stating that "the authenticity of a payment order issued in your name as sender may be verified by a security procedure." (ECF Nos. 36, ¶ 94, 36-1 at 8.) This language does not impose any affirmative obligation on First Horizon to investigate fraudulent activity and/or prevent fraudulent transfers.

Plaintiffs also plead language from the Treasury Management Agreement that First Horizon "shall distribute PINs and other Security Credentials, as applicable, to the appropriate Authorized Representatives through secure email." (ECF Nos. 36, ¶ 96, 36-2 at 52.) However, when read in its proper context, this language applies only to "Telephone Transfer Requests" which this case does not implicate.

Plaintiffs further plead language from two other provisions of the Depositor Agreement: the "Acceptance of your payment order" provision and the "Authorized account" provision. (ECF Nos. 36, ¶ 99, 36-1 at 8.) The first provision confirms that the bank is not obligated to accept all payment orders a customer gives it. The second provision, which Plaintiffs misinterpret, simply states that an authorized account is a deposit account that is designated for making payments and that an account that has not been specifically designated as an authorized account can be used as a source of payment to the extent that any payment is not inconsistent with the use of the account. As Plaintiffs do not assert that that their accounts were not designated for making payments, they proceed to distort the plain language in the latter provision to suggest that it imposes an obligation on First Horizon to vet all payments against the

transaction histories of all accounts from which a payment is made. But the Depositor Agreement does not impose such an obligation, and Florida law does not either.

Lastly, Plaintiffs plead immaterial and impertinent allegations relating to accounts belonging to other entities that are not parties to this case: Noisch & Ganz, P.A. and Rabideau Klein, P.A., which experienced fraudulent payment activity in their accounts months before the alleged activity in this case. (ECF No. 36, ¶¶ 16-26, 51.) Not only do Plaintiffs make these allegations involving unrelated incidents upon information and belief, but they have no bearing on the allegations or legal claims in this case. Plaintiffs lifted these allegations from separate, unrelated lawsuits against First Horizon to allege with no basis that First Horizon had prior knowledge of suspicious telephone activity and customer susceptibility to fraudulent attacks, including some of the fraudulent wires in this case that allegedly went to the same beneficiary as in the Rabideau Klein, P.A. matter. (*See id.* at ¶ 51.) Despite this, Plaintiffs' Amended Complaint does not plead any claim premised on prior knowledge.

## ARGUMENT AND MEMORANDUM OF LAW

### A. Standard of Review.

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although a complaint challenged by an opposing party need not contain detailed factual

allegations, a plaintiff must provide the "grounds" for his entitlement to relief, amounting to more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court's analysis is generally limited to the four corners of a complaint and the attached exhibits. *Grossman v. Nationsbank,* 225 F.3d 1228, 1231 (11th Cir. 2000).

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, Rule 12(f) allows courts to strike immaterial and impertinent matters from pleadings. Under Rule 12(f), a matter is immaterial if it has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Walker v. Progressive Select Ins*. Co., No. 1:21-cv-168-MW-GRJ, 2022 WL 22946933, at *1 (N.D. Fla. Mar. 4, 2022) (citation omitted). A matter is impertinent if it "consists of any allegation neither responsive nor relevant to the issues involved in the action, and which could not be put in issue or be given in evidence between the parties." *Id.* (citation omitted).

**B. <u>Plaintiffs Cannot State a Valid Claim for Breach of Contract</u>.**

A breach of contract claim under Florida law consists of the following elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Lezcano v. Bank of America NA*, No. 6:23-cv-674-CEM-LHP, 2023 WL 10947178, at * 4 (M.D. Fla. Nov. 13, 2023) (citations omitted). *See also Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999); *Abbott Labs., Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000).

Count II attempts to plead a claim for breach of contract premised on duties or obligations that the Depositor Agreement and the Treasury Management Agreement simply do not contain. Tellingly, Plaintiffs fail to identify a specific contractual

provision imposing express duties or obligations on First Horizon to prevent fraudulent wire transfers and to reimburse account holders for fraudulent wire transfers. Indeed, it is evident on the face of the Depositor Agreement and the Treasury Management Agreement that they do not impose any duty or obligation on First Horizon to do any of what is contained in Count II of the Amended Complaint.[3] (ECF No. 39, ¶¶ 98-108.)

Accordingly, the Amended Complaint again fails to state a plausible claim for breach of contract, and Count II should be dismissed with prejudice considering Plaintiffs' futile amendments. *Dickson v. Wells Fargo Bank*, N.A., 812 F. Supp. 3d 1281, 1288-89 (S.D. Fla 2025) (dismissing with prejudice a claim for breach of contract against the bank defendant for failure to identify which contractual provisions were breached and because the subject deposit agreement did not contain provisions supporting plaintiff's allegations); *see also George v. Wells Fargo Bank, N.A.,* No. 13-80776-CIV, 2014 WL 61487, at *4 (S.D. Fla. Jan. 8, 2014) ("The Amended Complaint does not identify which provision of the permanent loan modification has been breached and therefore runs afoul of *Twombly.*").

---

[3] Although not directly pertinent to Plaintiffs' Count II, it should be noted that the common law imposes no separate duties on a bank to review or investigate transactions involving accounts. *See, e.g.*, Fla. Stat. § 674.406; *RV Kountry v. Truist Bank*, No. 2:24-CV-0036-JLB-NPM, 2025 WL 744271, at *5 (M.D. Fla. Mar. 7, 2025) (applying Florida law); *Lynne M. Bucklin v. Bank of Am., N.A.*, No. 2:24-CV-278-JLB-NPM, 2025 WL 1504043, at *9 (M.D. Fla. Mar. 11, 2025) (applying Florida law); *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 548-549 (Fla. 2d DCA 2003); *Cheese & Grill Rest., Inc. v. Wachovia Bank, N.A.*, 970 So. 2d 372, 375 (Fla. 3d DCA 2007).

**C. <u>Plaintiffs' Claim for Breach of Contract Is Preempted By the UCC</u>.**

To the extent Plaintiffs' contractual claim is premised on any alleged failure by First Horizon "to employ its own security procedures and otherwise failed to employ commercially reasonable security procedures," to follow "customary and reasonable banking procedures" that resulted in the alleged fraudulent transfers, or to prevent unauthorized or fraudulent wire transfers, such a claim clearly arises from the processing of wire transfers. As a matter of law, Florida's version of UCC Article 4A preempts Plaintiffs' contractual claim. (ECF No. 36, ¶¶ 101, 103, 106, 107.)

Article 4A of the UCC is codified in Fla. Stat. §§ 670.102, *et. seq*. Article 4A is meant to be an "exclusive means of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the article." Fla. Stat. § 670.102 cmt; *Warren Fin., Inc. v. Barnett Bank of Jacksonville, N.A.*, 552 So. 2d 194, 197 (Fla. 1989). "'The legislative intent reflected here is that carefully drafted provisions ... are not to be side-stepped when convenient by reference to other sources of law.'" *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1275 (11th Cir. 2003) (quoting *Sheerbonnet, Ltd. v. Am. Express Bank, Ltd.*, 951 F. Supp. 403, 408 (S.D.N.Y. 1995)). "The rules that emerged during the drafting of the U.C.C. 'are intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties *in any situation covered by particular provisions of the Article.*'" *Regions Bank*, 345 F.3d at 1274 (emphasis added in original) (quoting UCC § 4A-102). In fact, "parties whose conflict arises out of a funds transfer should look first and foremost to

Article 4A for guidance in bringing and resolving their claims[.]" *Id.* (citation omitted).

Stated differently, a case like this one, involving a legal claim relating to unauthorized wire transfers, presents a situation that is covered specifically by Article 4A. Thus, Article 4A is the exclusive means of determining the parties' rights, duties and liabilities. It is only "when an issue does not clearly fit within the U.C.C. provisions, [that] common law claims may supplement the U.C.C." *Peach State Bank & Trust v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00126-RWS, 2018 WL 13224780, at *2 (N.D. Ga. Jun. 20, 2019) (citing *Regions*, 345 F.3d at 1274). Plaintiffs' claim for breach of contract fits within Article 4A's wire transfer provisions, and it is therefore preempted. *See also Peter E. Shapiro, P.A. v. Wells Fargo Bank N.A.*, 795 F. App'x 741, 750 (11th Cir. 2019) (finding no error in the lower court's decision that Article 4A preempted a negligence claim because the complaint alleged "no negligence beyond the scope of the erroneous fund transfers" and because given "the scope of those allegations, Article 4A specifically (and thus exclusively) defines the duties, rights, and liabilities of the parties").

It is indeed well recognized under Florida law that common law claims arising out of fund transfers are preempted by the UCC and subject to dismissal. *See, e.g., Biondi v. Branch Banking & Tr. Co.*, No. 1:18-CV-22521-UU, 2019 WL 13217964, at *5 (S.D. Fla. Feb. 7, 2019) (ruling on Florida law); *List Indus., Inc. v. Wells Fargo Bank, N.A.*, No. 17-CV-61204, 2018 WL 4334876, at *4-5 (S.D. Fla. Sept. 11, 2018) (ruling

on Florida law); *Powis Parker, Inc. v. Truist Bank*, 654 F. Supp. 3d 1256, 1260 (M.D. Fla. 2023) (considering Florida law); *Nice Weather Corp. v. Bank of Am., Nat'l Ass'n*, No. 23-24893-CIV, 2024 WL 3401595, at *2-3 (S.D. Fla. Feb. 5, 2024) (ruling on Florida law); *Kazak v. Truist Bank*, 692 F. Supp. 3d 1112, 1118 (M.D. Fla. 2023) (ruling on Florida law); *see also Capten Trading Ltd. v. Banco Santander Int'l*, No. 17-20264-CIV, 2018 WL 1558272, at *4 (S.D. Fla. Mar. 29, 2018) (ruling on Florida law) ("At bottom, all of Capten's common-law claims rest on Capten's allegations that the Bank mishandled unauthorized wire transfer requests. As such, the Court finds Article 4A provides the exclusive remedy to address Capten's claims."); *Barents Reinsurance SA v. Truist Bank*, No. 6:24-cv-591-ACC-UAM, 2025 WL 2223190, at *5 (M.D. Fla. Jan. 24, 2025) (ruling on Florida law) ("Article 4A preempts plaintiff's common law claims based on defendant's failure to prevent the fraudulent transfer and return of funds."); *Valdes v. Customers Bank*, No. 8:19-cv-02603-VMC-AEP, 2020 WL 13357817, at *4 (M.D. Fla. Feb. 10, 2020) (holding that UCC preemption applied to plaintiff's common-law claim based on defendant's failure to prevent the fraudulent transfer); *Corfan Banco Asuncion Para. v. Ocea Bank*, 715 So. 2d 967, 971 (Fla. 3d DCA 1998) (concluding that the plaintiff's common-law claims seeking a return of the transferred funds were preempted).

In this case, Plaintiffs' claim for breach of contract, as premised on a purported failure to provide or follow a reasonable security procedure and to prevent fraudulent funds transfers, is preempted by the UCC. The Depositor Agreement attached to the Amended Complaint specifically confirms that the "agreement is subject to Article 4A

of the Uniform Commercial Code – Fund Transfers." (ECF No. 36-2 at 5 "ACH AND WIRE TRANSFERS".) Since both Article 4A and the pertinent legal authorities preclude a contractual claim in these circumstances, dismissal with prejudice is required.

**D. Plaintiffs' Allegations in Paragraphs 16-26 and 51 Should be Stricken.**

As noted above, Plaintiffs' Amended Complaint contains allegations relating to accounts belonging to other entities that are not parties to this case: Noisch & Ganz, P.A. and Rabideau Klein, P.A. (ECF No. 36, ¶¶ 16-26.) Plaintiffs point to those other cases to contend that, as of January 29, 2026, First Horizon had knowledge of suspicious telephone calls and that customers were susceptible to fraudulent attacks. (*Id*. at ¶ 26).

While "[a] disputed question of fact cannot be decided on [a] motion to strike," Plaintiffs do not plead any legal claim arising from any such alleged knowledge. *PNC Bank, N.A. v. Haghighi Fam. & Sports Med., P.A.*, No. 3:16-CV-1226-J-32MCR, 2017 WL 7311870, at *2 (M.D. Fla. June 2, 2017) (internal quotation marks and citations omitted). Thus, the allegations relating to Noisch & Ganz, P.A. and Rabideau Klein, P.A. are clearly immaterial and impertinent in this case. While striking factual allegations is disfavored, the Court has broad discretion in considering whether to grant this Motion to Strike where, as here, Paragraphs 16-26 and 51 "'have no possible relation to the controversy and [will] cause prejudice to one of the parties.'" *Pennington v. Bhadja*, No. 23-CV-14206-RAR, 2024 WL 4708036, at *3 (quoting *Augustus v. Bd. of*

*Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Plaintiffs' allegations regarding incidents and litigation unrelated to their Amended Complaint have no relevance to Plaintiffs' claims for breach of contract and violation of Article 4A of the UCC. Accordingly, Paragraphs 16-26 and 51 should be stricken.

## CONCLUSION

For the reasons outlined above, Count II of Plaintiffs' Amended Complaint fails as a matter of law because it does not plead a plausible claim for breach of contract and because the contractual claim is preempted by the UCC. Additionally, Paragraphs 16-26 of the Amended Complaint should be stricken for pleading immaterial and impertinent matters.

*WHEREFORE*, Defendant, First Horizon Bank, respectfully requests that this Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) dismissing Count II with prejudice and striking Paragraphs 16-26 from the Amended Complaint, along with granting any and all additional relief this Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Local Rule 3.01(g), the undersigned conferred with counsel for Plaintiffs by email on September 8-9, 2026. Counsel for Plaintiffs has advised that Plaintiffs oppose the relief sought herein.

Submitted September 9, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Counsel for Defendant, First Horizon Bank*
By: */s/ Desislava K. Docheva*
Desislava K. Docheva
Florida Bar No.: 1010440
*ddocheva@bakerdonelson.com*

*-and-*

Kristine L. Roberts (*by special admission*)
klroberts@bakerdonelson.com
W. Preston Battle IV (*by special admission*)
pbattle@bakerdonelson.com
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Telecopier: (901) 577-2303